## KIRKPATRICK v FIRST NATL BANK of TROY

Ohio Appeals, 1st Dist, Hamilton Co
No 3661. Decided June 16, 1930

C. W. Baker, Jr., Cincinnati, for Kirkpatrick.

E. P. Moulinder, Cincinnati, for Bank.

CUSHING, PJ.

The evidence discloses that Brown's account was credited with the amount of the deposit, and thereupon the relation of creditor and debtor arose between H. G. Brown and the First National Bank of Troy. When deposits are received by a bank, unless there are stipulations to the contrary, they belong to the bank. See: Bank of the Republic v. Millard, 10 Wall. 152, at 155.

As was said in the case of Metropolitan National Bank v. Loyd, 90 N. Y. Rep. 530: "the title passed to the bank, and they were not again subject to his control. x x x x x The check, therefore, for every purpose material upon this inquiry, as between these parties was money. But even if the check had remained in the hands of the Troy bank, Murray could not have reclaimed it. If, as the appellant insists, the check had been deposited for a specific purpose—for collection, the property would have remained in the depositor, but there is no evidence upon which such fact could be established, nor is it consistent with the dealings between the parties, or with any of the admitted circumstances. x x x x Moreover, it is plain that the bank continued, after the deposit, debtor to Murray by his own choice, and not by reason of its solicitation or act. He could have drawn the amount the moment credit was given, and, in not doing so, consulted his own pleasure or convenience."

In the case of Cragie, et al v. Hadley, Receiver, 99 N. Y. Rep., 131, the court discussed the question of title to money, checks, or drafts received by banks as deposits,

and stated:

"The general doctrine that upon a deposit being made by a customer, in a bank, in the ordinary course of business, of money, or of drafts or checks received and credited as money, the title to the money or to the drafts or checks, is immediately vested in and becomes the property of the bank, is not open to question. (Commercial Bank of Albany v. Hughes, 17 Wend. 94; Metropolitan National Bank v. Loyd, 90 N. Y. 530.) The transaction in legal effect is a transfer of the money or drafts, or checks, as the case may be, by the customer to the bank, upon an implied contract on the part of the latter to repay the amount of the deposit upon the checks of the depositor. The bank acquires title to the money, drafts, or checks, on an implied agreemen to pay an equivalent consideration when called upon by the depositor in the usual course of business."
(Cited with approval, by the United States Supreme Court in the case of Burton v. United States, 196 U. S. Rep. 283.)

On authority of the above cases ,we find the equities in favor of the First National Bank of Troy, Alabama, and a decree may be entered, ordereing payment of the money to it.

Finding no error in the judgment of the court of common pleas of Hamilton County, that judgment is affirmed.

Ross and Hamilton, JJ, concur.